No. 24-1286

# United States Court of Appeals for the First Circuit

MIYA WATER PROJECTS NETHERLANDS B.V.,

        *Plaintiff-Appellant*,

v.

FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,

        *Defendant-Appellee.*

**REPLY IN SUPPORT OF MOTION OF ESPACIOS ABIERTOS FOR RECONSIDERATION OR CLARIFICATION**

## PRELIMINARY STATEMENT

Motions opposing leave to file amicus briefs are "unusual". One reason is that "amici can appropriately raise new arguments that could affect the court's disposition of a given case but were . . . not raised by the parties"—even proposing "an alternate ground for decision." *See* Recons. Mot. 11-13.[1] Although "appellate courts typically do not consider completely new issues not raised in the lower court . . . . the line between raising a new legal issue and raising a new argument in support of an issue raised by the parties is not always a clear one." *See id*. Amicus briefs, like the one EA proposes here, can provide "the history of American or English law," which "can explain the original understanding of a . . . statutory provision." *See* Recons. Mot. § I. And "[s]ometimes, the purpose of an amicus brief is only to persuade the court *not* to issue a broad ruling that might have unintended consequences"—like EA urges here by proposing the Court vacate and flag antecedent issues for remand (*see id.* § II) to avoid Miya's issue about Congress's power over territories (*see id.* § III).

These are points the motion made. But the above quotations are not from EA's motion; they are from a leading treatise edited by the Board's counsel. *See Principles of Appellate Litigation: A Guide to Modern Practice*, ch. 7, "Amicus

---

[1] "Mot." refers to EA's motion for leave; "EA Br." to EA's proposed amicus brief; "Opp'n" to the Board's opposition to leave; "Recons. Mot." to the pending motion; and "Response" to the Board's opposition to reconsideration.

Briefs," §§ 2.1, 2.2(B), 2.3, 3.1, 5.3 (Mark D. Harris ed., 2021). Unable to meaningfully dispute propositions that its counsel endorsed, the Board resorts to two more purported procedural bars to avoid EA's arguments. Neither has merit.

*First*, the Court can take a fresh look at the underlying issues on a motion for reconsideration under FRAP 27(b) or (c). The Board cites heightened reconsideration standards from post-judgment federal rules, but they do not apply.

*Second*, EA's arguments are timely and correct. The Board again tries to import a standard from a different federal rule to claim waiver, but the Board's representation that a motion would be unopposed excuses any. EA's arguments were apparent from its initial motion for leave and proposed brief or raised in response to the Board's opposition.

The Court should grant the motion and accept the amicus brief for the merits panel to review.

## ARGUMENT

**I.      There is No Heightened Standard for Reconsideration Under FRAP 27.**

EA's motion explained that reconsideration of procedural orders is available under FRAP 27(b) and that the Court may review single-judge orders under FRAP 27(c). Mot. 11-12. The Board replies that "[t]o justify reconsideration, a movant must show a 'factual or legal development that the Motions Panel failed to consider,' 'clear error,' or 'manifest injustice.'" Response 3 (quoting *Doe v. United*

*States*, 815 F. App'x 592, 596-97 (2d Cir. 2020)); *see also* Response § I.A. That is not the law for FRAP 27(b) or (c) review.

The Board cites no case from this Court applying that standard to reconsideration motions under FRAP 27. Instead, the Board "analog[izes]" to seeking a rehearing, where the petitioner must identify what the court "has overlooked or misapprehended". Response 4 (quoting *In re Nexium (Esomeprazole) Antitrust Litig.*, 845 F.3d 470, 475 (1st Cir. 2017)). The standard from *Nexium* appears in the text of FRAP 40, which applies to reconsideration "after entry of judgment": "The petition must state with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended and must argue in support of the petition." FRAP 40(a)(2). But a procedural order is not a judgment. And that language is absent in FRAP 27(b)-(c). Including language in one rule but not another "is presumed to be intentional and deserves interpretive weight." *Citizens Awareness Network, Inc. v. United States*, 391 F.3d 338, 346 (1st Cir. 2004); *see also Kenall Mfg. Co. v. Cooper Lighting, LLC*, 354 F. Supp. 3d 877, 894 (N.D. Ill. 2018) (Feinerman, J.) (absence of explicit language from FRCP 56 in FRCP 12 "counsels strongly against reading" that language in). The absence of similar language in FRAP 27 means that the FRAP 40(a)(2) standard does not apply.

The Board's out-of-circuit citations also show why its analogy to FRAP 40 is inapt. *Contra* Response 3-4. Take *In re HealthCare Compare Corp. Securities Litigation*, 75 F.3d 276 (7th Cir. 1996). The Board does not mention that there the Seventh Circuit reaffirmed that orders by a motions panel are "'summary in character, made often on a scanty record, and not entitled to the weight of a decision made after plenary submission.'" *HealthCare Compare*, 75 F.3d at 279-80 (quoting *Johnson v. Burken*, 930 F.2d 1202, 1205 (7th Cir. 1991) (Posner, J.)). Instead, motions panel orders "should be regarded as tentative, and therefore revisable by the merits panel." *Johnson*, 930 F.2d at 1205.[2]

Other courts describe motions panel orders similarly. *See, e.g.*, *Pierce v. Pemiscot Mem'l Health Sys.*, 657 F. App'x 613, 615 n.4 (8th Cir. 2016) (citing Seventh Circuit and noting that "administrative panel's decision to deny a motion" is non-binding); *Cimino v. Raymark Indus., Inc.*, 151 F.3d 297, 311 n.26 (5th Cir. 1998) (a "motions panel order is not binding" on merits panel); *Lambert v. Blackwell*, 134 F.3d 506, 512 n.17 (3d Cir. 1997) ("inherently tentative"); *Stifel, Nicolaus & Co. v. Woolsey & Co.*, 81 F.3d 1540, 1544 (10th Cir. 1996) ("often tentative because it is . . . made without the benefit of full briefing"); *Vann v.*

---

[2] And in *HealthCare Compare*, "nothing indicate[d] that [the merits] panel [was] better equipped" to address jurisdiction "than was the motions panel". 75 F.3d at 280. In considering amicus briefs, however, the merits panel is better positioned. *See* Mot. 19-20.

4

*Citicorp Sav. of Ill.*, 891 F.2d 1507, 1509 n.2 (11th Cir. 1990) ("does not bind the panel hearing the case on the merits"); *United States v. Houser*, 804 F.2d 565, 568 (9th Cir. 1986) ("A summary disposition, without a reasoned analysis reflecting the authorities or argument which led us to rule as we did, requires us to scrutinize the merits of the question we were asked to reconsider with greater care."). Of course, an order of one judge made before briefing concludes is another step removed from an order by a panel and has an added basis for plenary review under FRAP 27(c).[3]

The Board's remaining cases are unpublished and unpersuasive. *See* Response 3, 5-6 (citing *Hunter v. Joboulian*, 2023 U.S. App. LEXIS 1240 (6th Cir. Jan. 18, 2023) (per curiam); *Doe v. United States*, 815 F. App'x 592 (2d Cir. 2020) (per curiam); *United States v. Cabezas*, 2019 U.S. App. LEXIS 38349 (11th Cir. Dec. 23, 2019) (per curiam)). *Doe* involved a motion to reconsider an order from a motions panel in a *prior appeal* that was subject to the law-of-the-case doctrine in the second appeal. *See* 815 F. App'x at 593-94, 596-97. And *Doe* was "not a case" where the issue raised was "silently addressed"—the motion was "fully briefed and argued" before a panel. *Id.* at 596 (cleaned up).

---

[3] The Board mischaracterizes EA's statements on this score. *Contra* Response 5 n.1. EA said the Court was "keeping with its custom" under the Internal Operating Procedures (Mot. 1), not "violat[ing]" them. And EA claims the Board sought to "conceal" documents (Mot. 1), not the Court.

*Cabezas* and *Joboulian* are unpublished orders from *pro se* prisoner appeals without extensive reasoning. In *Cabezas*, the prisoner sought reconsideration of an "order granting the government's motion for summary vacation of the district court's order denying his request for an evidentiary hearing". 2019 U.S. App. LEXIS 38349, at *1. That was a merits-based judgment disposing of that appeal, so it made sense that FRAP 40 applied. In *Joboulian*, the Court applied FRAP 40(a)(2) to reconsideration of an *in forma pauperis* motion without explaining why. 2023 U.S. App. LEXIS 1240, at *1. That is unpersuasive.

Reading FRAP 40 into FRAP 27 leads to absurd results. If the Board were correct that Rule 40 applied, it could not have responded to this motion because "no response to a petition for panel rehearing is permitted" absent the Court's request. FRAP 40(a)(3). And because the Court or Clerk can rule on a procedural motion at any time per FRAP 27(b), under the Board's reading, a party may find itself unable to earn reconsideration of issues it never had the chance to brief. That party then must identify with particularity errors in a summary order that has no reasoning. That makes no sense.

The Court should instead treat the order as a tentative ruling and take a fresh look at leave.

## II. There Was No Waiver.

The Board next argues that "most" of the arguments in EA's motion for reconsideration "are forfeited because EA did not raise them in its original motion for leave." Response 6. That is wrong.

### A. The Board Applies the Wrong Standard.

Like it did with the FRAP 27(b) standard, the Board borrows a standard from a different federal rule, invoking Federal Rule of Civil Procedure 59(e), which applies to "amend[ing] a judgment". *See* Response 6 (quoting *Cochran v. Quest Software, Inc.*, 328 F.3d 1, 11 (1st Cir. 2003)). In *Cochran*, the appellant lost at summary judgment, then moved in the district court for reconsideration of the summary judgment order, and on appeal, challenged the district court's denial of reconsideration. *See* 328 F.3d at 5-6, 10-11. That is not this motion. As explained above, a procedural order "should be regarded as tentative, and therefore revisable", *Johnson*, 930 F.2d at 1205, and a motion to reconsider in those circumstances need not satisfy post-judgment rules.

Even were the Court to look beyond FRAP 27, it should look to FRCP 60(b) instead, which provides relief from an "order" for "misrepresentation, or misconduct by an opposing party" or "mistake, inadvertence, surprise, or excusable neglect". The Board represented that it was not opposing EA's brief (Recons. Mot. 10), so EA did not burden the Court with explicating on the bases for leave at

7

great length. Then the Board opposed the motion, which was denied before EA's reply brief was due. *Id.* Those circumstances should excuse any waiver. To rule otherwise would mean that amici cannot rely on representations by counsel to avoid unnecessary motion practice and must file full-length motions seeking leave as a matter of course. That will increase costs for amicus participation and deter amicus briefs in future cases.[4]

> **B.** **EA's Arguments Are Properly Raised and Correct.**

The arguments supporting EA's motion for reconsideration are meritorious and preserved anyway.

*Historical Overview*. EA's reconsideration motion showed that its proposed brief explaining the history of mandamus relief for public records actions in Puerto Rico is relevant to Miya's arguments about statutory waiver of immunity. *See* Recons. Mot. § I. EA's initial motion for leave specifically explained that the brief "summarized four centuries of the common-law rule" for mandamus in public records actions and that amici may argue "variations" of a party's issue. Mot. 3. Indeed, EA's proposed brief shows that TEPPRA referenced this tradition explicitly. *See* EA Br. 19-20.

---

[4] EA did not waive its alternative request for clarification (*contra* Response 12) because the arguments supporting reconsideration support clarification, too. In particular, articulating the standards for reconsideration and leave to file amicus briefs would benefit perceived openness.

EA's proposed brief does go beyond waiver to argue that immunity that does not exist cannot be waived. *See* Response 6-7. But the Court need not resolve the antecedent issue to find the common-law history relevant in statutory interpretation. *See Jamul Action Comm. v. Stevens*, 2014 U.S. Dist. LEXIS 107582, at *14-15, *23 (E.D. Cal. Aug. 4, 2014) (granting leave to file amicus brief on sovereign immunity issue purportedly raising "a new argument" and noting that the "court has the ability to glean useful information" from the brief); *Verizon N.Y. v. Westhampton Beach*, 2014 U.S. Dist. LEXIS 204569, at *6 (E.D.N.Y. Mar. 31, 2014) (granting amicus leave because court can "remedy any possible prejudice" from "wholly new issues . . . by simply declining to consider those issues" (cleaned up)).[5] If the order concluded that the "background of common-law" is irrelevant to statutory waiver of immunity as a matter of law, that was error. *See* Recons. Mot. 13 (quoting *Irobe v. United States Dep't of Agric.*, 890 F.3d 371, 378 (1st Cir. 2018)).

*Antecedent Issues*. The Board admits that EA "previously raised th[e] precise argument" that the Court can consider issues antecedent to the ones the parties present. Response 7. Indeed, the Board conceded that "the 'antecedent issue' doctrine" allows a court "to reach issues not briefed by the parties".

---

[5] The Board claims that "EA cannot cite a single case where a court accepted an amicus brief that sought to raise new issues and that was opposed". Response 11. These are two such cases.

9

Opp'n 10. If the order accepted the Board's reading that the real-party-in-interest or arm-of-the-state tests "are not 'antecedents' but separate arguments" (Response 8), that is not correct. *See* Recons. Mot. 15 (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977) (explaining that underlying immunity is antecedent to waiver)). And there is even less concern with reaching an antecedent issue examined fully below like the arm-of-the-state doctrine. *See* Miya Br. ADD5-11.

*Importance.* EA has consistently argued that Miya's proposed issue about whether the Board can claim immunity at all turns on a more fundamental question about Puerto Rico's sovereign status. *See* Mot. 2-3, Recons. Mot. § III; *contra* Response 9-10. The Court has welcomed amici's introduction of different arguments in those circumstances.

And that is an issue the Supreme Court said would be "singularly inapt" to resolve without the Commonwealth present. *See* Recons. Mot. 8, 17; EA Br. 2. The Board says this "has nothing to do with whether EA should be allowed to file". Response 10 n.4. But then-Judge Alito's opinion shows why. He rejected the argument that amici were trying "to inject new issues into the case" because amici were "primarily interested in making sure that our court [would] not inadvertently stray into issues that need not be decided", *Neonatology Assocs., P.A. v. Comm'r of Internal Revenue*, 293 F.3d 128, 133-34 (3d Cir. 2002)—like Puerto Rico's

sovereign status. That is why EA's brief seeks for its issues to be determined on remand after vacatur (EA Br. 26), rather than have the Court reverse. EA's arguments are, in any event, not "new" if they are related or antecedent to waiver or were decided below, and the Court has "discretion" to accept new arguments from amici as the Board now admits. Response 1, 5.

*Policy of Openness*. EA's motion for reconsideration responds to the Board's proposal to deny leave altogether, rather than have the merits panel decide how to weigh the amicus brief. There was no obvious reason for EA to include arguments on that point when it filed its then-unopposed motion. After the Board opposed, the Court ruled before EA's reply brief was due. Thus, EA's responses to the Board's arguments are properly raised if the order relied on them. As the reconsideration motion shows (§ IV), the policy consequences of adopting the Board's desired outcome are reasons why the order erred.

## CONCLUSION

The Court should grant the motion and accept the amicus brief or clarify the basis for denying leave.

September 30, 2024                    Respectfully submitted,

<span style="margin-left:40%">*/s/ Brendan Benedict*</span>
<span style="margin-left:40%">Brendan Benedict</span>
<span style="margin-left:40%">BENEDICT LAW GROUP PLLC</span>
<span style="margin-left:40%">515 Madison Avenue, 31st Floor</span>
<span style="margin-left:40%">New York, NY 10022</span>
<span style="margin-left:40%">(212) 287-9501</span>
<span style="margin-left:40%">*brendan@benedictlawgroup.com*</span>

<span style="margin-left:40%">*Counsel for Amicus Curiae*</span>

# CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(C) because it contains 2,574 words, excluding the portions exempted by Federal Rule of Appellate Procedure 32(f). This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in proportionally spaced serif typeface (14-point Times New Roman) using Microsoft Word for Office 365.

*/s/ Brendan Benedict*
Brendan Benedict

# CERTIFICATE OF SERVICE

I certify that on September 30, 2024, I served this reply brief on all parties or their counsel of record through the CM/ECF system.

*/s/ Brendan Benedict*
Brendan Benedict